

**Akin Gump**
STRAUSS HAUER & FELD LLP

ROBERT H. PEES
+1 212.872.1072/fax: +1 212.872.1002
rpees@akingump.com

May 17, 2018

VIA ELECTRONIC COURT FILING

The Honorable Edgardo Ramos
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Klein v. Cadian Capital Management, LP*, 15-cv-8143-ER (S.D.N.Y.) (LogMeIn)
             *Klein v. Cadian Capital Management, LP*, 15-cv-8145-ER (S.D.N.Y.) (Green Plains)

Dear Judge Ramos:

    As counsel to the Cadian Defendants, we write to address Plaintiff Klein's request for a stay of these actions. In short, Plaintiff Klein no longer has any personal stake whatsoever in these lawsuits. Thus, she lacks standing, and this Court lacks jurisdiction to grant her request for a stay.

    If a plaintiff cannot show that the court has jurisdiction over her claim, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (citation and quotation marks omitted); *see also Genesis Healthcare v. Symczyk*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (citation omitted). And nothing in the pending Qlik appeal will change the undisputed fact, admitted by Plaintiff Klein here (and previously in the Qlik case), that she no longer has a personal stake in the outcome of her lawsuits. Indeed, although as a constitutional matter this fact makes no difference, this case is even further afield than the Qlik case because plaintiff's counsel does not even represent that a "new plaintiff representative or the Issuers" is ready to continue the suit. Thus, neither she nor anyone else conceivably has standing to seek a stay.

    And even if Article III of the Constitution allowed a court to entertain requests for relief by parties without standing—and it does not—neither Rule 15 nor Rule 17 nor any other one of the Federal Rules of Civil Procedure bless plaintiff's counsel with shopping periods to find replacement plaintiffs hoping to circumvent a statutory bar to suit. *See, e.g., Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) (holding that the Rules Enabling Act forbids interpreting a federal rule to abridge, enlarge or



May 17, 2018
Page 2

modify any substantive right); *cf.* FED. R. CIV. P. 17 Notes of Advisory Committee (1966) (action may not be maintained by placeholder plaintiff "in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period").

    For these reasons, Plaintiff Klein's request for a stay should be denied, and the cases should be dismissed for lack of subject matter jurisdiction.

Respectfully,

Robert H. Pees

cc:     All Counsel